1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    SHAUNA ROSSINGTON, et al.,                    No.  2:23-CV-0423-KJM-DMC

12              Plaintiffs,

13         v.                                        ORDER

14    MOUNTAIN CIRCLE FAMILY
      SERVICES, INC., et al.,
15
              Defendants.
16

17

18              Plaintiffs, who are proceeding pro se, bring this civil action.  Pending before the

19    Court are the following motions, noticed for various hearing dates before the undersigned in

20    Redding, California:

21              ECF No. 6      Defendant Mountain Circle Family Services, Inc.'s, motion
                               to dismiss.  Hearing originally noticed for April 19, 2023, and
22                             re-noticed for June 7, 2023.

23              ECF No. 8      Defendant Robert Berry's motion to dismiss.  Hearing noticed
                               for April 19, 2023.
24
                ECF No. 9      Defendant Robert Berry's motion to strike.  Hearing noticed
25                             for April 19, 2023.

26              ECF No. 11     Plaintiffs' motion to remand.  Hearing noticed for September 6,
                               2023.
27
                ECF No. 12.    Plaintiffs' motion for leave to amend.  Hearing noticed for
28                             April 19, 2023.

                                               1

1

2

ECF No. 16    Plaintiffs' motion to file an amended motion to remand.
Hearing noticed for April 19, 2023.

3

4

5

Also reflected on the Court's docket and filed subsequent to the above-referenced

motions are: Plaintiffs' notice of voluntary dismissal of the entire action, ECF No. 31; and

Defendant Berry's response thereto, ECF No. 32.

6

7

8

9

10

11

12

On April 4, 2023, the Court issued a minute order advising Plaintiffs that their

motions at ECF Nos. 12 and 16 were defectively noticed.  See ECF No. 17.  Specifically, these

motions were set for hearing less than 35 days after they were filed, in violation of Eastern

District of California Local Rule 230.  The minute order also vacated the hearing on Plaintiffs'

initial motion to remand which was noticed for September 6, 2023.  The Court instructed

Plaintiffs to re-notice the defectively noticed motions.  Thereafter, Plaintiffs filed a notice of

voluntary dismissal.  See ECF No. 31.

13

14

15

16

17

18

19

20

21

22

The Court first addresses Plaintiffs' notice of voluntary dismissal.  In their notice,

Plaintiffs seek dismissal of the entire action as to all defendants without prejudice, all parties to

bear their own costs and fees.  Plaintiffs cite Federal Rule of Civil Procedure 41(a)((1)(A)(i).

Rule 41(a)(1)(A)(i) permits voluntary dismissal on the plaintiff's notice without a court order

"before the opposing party serves either an answer or a motion for summary judgment."  Fed. R.

Civ. P. 41(a)(1)(A)(i).  An action may be voluntarily dismissed after a motion to dismiss or for

summary judgment has been filed and without a court order only upon stipulation signed by all

parties who have appeared.  See Fed. R. Civ. P. 41(a)(1)(A)(ii).  Absent a stipulation, and after a

motion to dismiss or for summary judgment has been filed, a court order is required.  See Fed. R.

Civ. P. 41(a)(2).

23

24

25

26

27

28

Here, Plaintiff's notice of voluntary dismissal, which is not signed by all parties

who have appeared in the action, and which has been filed under Rule 41(a)(1)(A)(i), was filed on

April 10, 2023.  See ECF No. 31. Defendants filed motions to dismiss and to strike on March 8,

2023, and March 14, 2023.  See ECF Nos. 6, 8, and 9.  Because Plaintiffs' notice was filed after

Defendants motions, it is ineffective under Rule 41(a)(1)(A)(i).  The action may be dismissed

without court order upon submission of a stipulation under Rule 41(a)(1)(A)(ii) signed by all

1    parties who have appeared in the action.

2           The Court next addresses Plaintiffs' motion for leave to amend.  The Federal Rules

3    of Civil Procedure provide that a party may amend his or her pleading once as a matter of course

4    within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is

5    required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A),

6    or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever

7    time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may

8    only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).

9           Here, Defendants filed motions to dismiss under Rule 12(b) on March 8, 2023, and

10   March 14, 2023.  See ECF Nos. 6 and 9.  Plaintiff's motion for leave to amend, with a proposed

11   first amended complaint attached, was filed on March 29, 2023.  See ECF No. 12.  Because

12   Plaintiffs' motion was filed within 21 days of Defendants' motions to dismiss, leave of court is

13   not necessary to amend the original complaint.  See Fed. R. Civ. P. 15(a)(1)(B).  Plaintiffs'

14   motion for leave to amend will be denied as unnecessary.  The Clerk of the Court will be directed

15   to file Plaintiffs' proposed first amended complaint as of March 29, 2023.

16          With the filing of Plaintiffs' first amended complaint, Defendants' motions

17   challenging the original complaint are rendered moot.  The Clerk of the Court will be directed to

18   terminate Defendants' motions to dismiss and Defendant Berry's motion to strike as pending

19   motions.  Defendants will be directed to respond to Plaintiffs' first amended complaint.  Such

20   responses may include appropriate motions challenging the first amended complaint, or

21   Defendant may elect to answer.

22          Next, the Court addresses Plaintiffs' motion to remand and related motion to

23   amend their motion to remand.  It appears that Plaintiffs' motions are premised on the argument

24   that, with amendment of the complaint to exclude any federal claims, remand will be appropriate.

25   See ECF Nos. 11 and 16.  With the filing of Plaintiffs' first amended complaint as permitted

26   herein, the Court finds it appropriate to allow the parties an opportunity to meet and confer on the

27   issue of remand to state court in light of the specific claims raised in the first amended complaint.

28   In the meantime, Plaintiff's motions related to remand will be denied without prejudice to

1  renewal in conjunction with Defendants' response to the first amended complaint.

2        Finally, with the resolution of all pending motions, the hearings currently noticed

3  for April 19, 2023, and June 7, 2023, will be vacated.

4        Accordingly, IT IS HEREBY ORDERED as follows:

5        1.    Plaintiffs' notice of voluntary dismissal under Federal Rule of Civil

6  Procedure 41(a)(1)(A)(i), ECF No. 31, is not accepted and this action is not dismissed on

7  Plaintiffs' notice.

8        2.    Plaintiffs' motion for leave to amend, ECF No. 12, is denied as

9  unnecessary.

10        3.    The Clerk of the Court is directed to file Plaintiffs' proposed first amended

11  complaint and Exhibits A through W, attached to ECF No. 12 at pages 71-260, as of March 29,

12  2023.

13        4.    Defendants' motions challenging the original complaint, ECF Nos. 6, 8,

14  and 9, are moot and the Clerk of the Court is directed to terminate these matters as pending

15  motions.

16        5.    Defendants shall file a response to Plaintiffs' first amended complaint

17  within 30 days of the date of this order.

18        6.    Any renewed motion for remand shall be filed within 30 days of the date of

19  this order.

20        7.    The hearings set for April 19, 2023, and June 7, 2023, before the

21  undersigned in Redding, California, are vacated.

22        8.    Defendant Berry's request for remote appearance, ECF No. 30, is denied as

23  unnecessary.

24

25  Dated:  April 14, 2023

26

27                DENNIS M. COTA
              UNITED STATES MAGISTRATE JUDGE

28