IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNA ROSSINGTON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MOUNTAIN CIRCLE FAMILY SERVICES, INC., et al.,<br><br>    Defendants. | No. 2:23-CV-00423-KJM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs, who are proceeding pro se, bring this civil action. Pending before the Court are the following motions, noticed before the undersigned in Redding, California:

    ECF No. 36    Defendant Berry's Anti-Slapp Special Motion to Strike Plaintiff's First Amended Complaint.

    ECF No. 38    Plaintiffs' Motion to Remand.

    ECF No. 45    Defendants Mountain Circle Family Service, Inc., DBA Sierra Nevada Connections, Justin Miller, Pamela Crespin, Katherine Van Dolsen, Angie Carpenter, Shannan Duong, Bill Powers, and Kacey Reynolds ("Mountain Circle Defendants") motion to dismiss Plaintiffs' first amended complaint pursuant to FRCP 12(b)(6) or, in the alternative, motion for a more definite statement of facts pursuant to FRCP 12(e).[1]

---

[1] Plaintiffs and Mountain Circle Defendants stipulated to a stay with regard to the Mountain Circle Defendants' Motion to dismiss, ECF No. 45, so that the parties could engage in

1

1  Each motion is opposed. See ECF Nos. 39, 41, 44, 46, 49-55.  Consent to Magistrate Judge
2  jurisdiction is not unanimous.  See ECF Nos. 7, 13-15, 18-22, 28-29.  The Parties appeared for a
3  telephonic hearing before the undersigned on June 21, 2023, wherein the matter was submitted.
4
5  **I.  PROCEDURAL HISTORY**
6  On February 6, 2023, Plaintiffs Shauna Rossington, Alex Rossington, Aiden
7  Rossington, Joseph Coddington, and Valerie Peters filed their original complaint against
8  Mountain Circle Defendants and Defendant Robert Berry in the Superior Court of the State of
9  California, County of Butte.  See ECF No. 1, pg. 8.  Plaintiffs alleged: (1) Failure to
10 Accommodate FOIA Rights; (2) Failure to Comply with Evidence Code § 945 – Attorney-Client
11 Privilege; (3) Failure to Accommodate Labor Code § 1198.5; (4) Failure to Comply with Terms
12 of Contract; (5) Retaliation in Violation of FEHA, Gov. Code § 12900 et seq.; (6) Failure to
13 Engage in Good Faith and Fair Dealing Upon Dismissal; (7) Failure to Comply with the Brown
14 Act; (8)  Failure to Comply and in Violation of 5 U.S.C. § 552a(b); and (9) Wrongful
15 Termination in Violation of the Brown Act. See ECF No. 1, pg. 8.
16 The matter was removed under this Court's federal question jurisdiction on March
17 7, 2023.  See ECF No. 1.  Defendants contended removal was proper based on Plaintiffs' First
18 Cause of Action, Failure to Accommodate FOIA Rights under 5 U.S.C. § 552, and Eighth Cause
19 of Action, "Failure to Comply and In Violation of 5 U.S.C. § 552a(b)." Id., pg. 3.  Following
20 removal, Mountain Circle Defendants filed a motion to dismiss, Defendant Berry filed a motion
21 to dismiss and motion to strike, and Plaintiffs' filed a motion to remand.  See ECF Nos. 6, 8, 9,
22 11.  Plaintiffs then filed a motion to amend the complaint and motion to amend the motion to
23 remand.  See ECF Nos. 12, & 16.  On April 4, 2023, the Court issued a minute order advising
24 Plaintiffs their motions at ECF Nos. 12 and 16 were defectively noticed.  See ECF No. 17.
25 Specifically, these motions were set for hearing less than 35 days after filing, in violation of
26 Eastern District of California Local Rule 230.  See id.  The minute order vacated the hearing on
27 ───────────────────
28 the Voluntary Dispute Resolution Program.  See ECF No. 56.  As such, ECF No. 45 was not addressed by the undersigned.

2

1  Plaintiffs' initial motion to remand, which was noticed for September 6, 2023. See id. The Court
2  instructed Plaintiffs to re-notice the defectively noticed motions. See id.
3  　　　　　As to Plaintiffs' motion for leave to amend, the Court found it unnecessary
4  because Plaintiffs' motion for leave to amend was filed within 21 days of Defendants' motions to
5  dismiss, so leave of court was not necessary to amend the original complaint. See id. (quoting
6  Fed. R. Civ. P. 15(a)(1)(B)). Plaintiffs' proposed first amended complaint was filed on March 29,
7  2023. ECF No. 35. In their first amended complaint, Plaintiffs no longer alleged claims under 5
8  U.S.C. § 552 or 5 U.S.C. § 552a(b), the basis for removal, and only state-law pendent claims
9  remained. See id. No complete diversity exists. See id. Since the Court directed Plaintiffs' first
10 amended complaint filed, Defendants' motions challenging the original complaint were rendered
11 moot. See ECF No. 34.
12 　　　　　As to Plaintiffs' motion to remand and related motion to amend their motion to
13 remand, those motions were premised on the argument that by excluding federal claims, remand
14 would be appropriate. See ECF Nos. 11, 16, 34. The Court denied without prejudice these
15 motions, subject to renewal in the future, and directed the Parties to meet and confer in light of
16 the state claims raised in the first amended complaint. See ECF No. 34. Thereafter, the pending
17 motions were filed. See ECF Nos. 36, 38, 45.
18
19 　　　　　　　　　　**II. PLAINTIFF'S ALLEGATIONS**
20 　　　　　Plaintiffs' allegations stem from the termination of their employment with
21 Mountain Circle Family Service, Inc., ("MCFS"), on or about August 4, 2021. See ECF No. 35,
22 pgs. 7-20. More specifically, Shauna Rossington was the Executive Director for MCFS and was
23 hired by the Board of Directors. See ECF No. 1, pg. 12-13. Plaintiffs allege that Shauna
24 Rossington was "strategically terminated" when the Board "illegally" convened on August 4,
25 2021. Id. Plaintiffs allege that Defendant Berry sent an email to all Plaintiffs accusing them of
26 "cyber hacking" and stating "you will all be listed as co-conspirators in this criminal activity."
27 See id., pgs. 13-14. As to the other Plaintiffs, they contend they were terminated "on the basis of
28 their relationship" with Shauna Rossington, and in furtherance of Defendants' "political

aspirations." Id., pgs. 17, 19.  Plaintiffs assert the Board meeting on August 4, 2021, was "unauthorized, illegal, and in violation of the Brown Act, where [the] . . . authority [was granted] to interim Executive Director, [Defendant] Van Dolsen to terminate employees on the basis of their 'relationship' with [Shauna] Rossington." Id., pg. 20.  Plaintiffs allege Defendant Berry was an "unauthorized" agent giving advice to the Board of Directors at the August 4, 2021, Board meeting, and who is now counsel for the Board of Directors of MCFS.  See id., pg. 5.  All Defendants, except for Berry, are current or former Board members or employees of MCFS.  See, ECF No. 45, pg. 8.

### III.  DISCUSSION

Plaintiffs contend federal court jurisdiction is now improper, because the federal claims upon which removal was based are no longer alleged in the first amended complaint. See ECF Nos. 38, pg. 3 & 50, pg. 7.  Defendant Berry makes two overarching arguments in opposition: (1) that remand would be improper because jurisdiction is determined at the time of removal and any post-removal amendments do not defeat jurisdiction, and (2) the Court has the power to retain jurisdiction when the complaint is amended to eliminate the basis for removal, based on 28 U.S.C. § 1367(c), and in the interests of "economy, convenience, fairness, and comity." See ECF No. 41, pgs. 2-3 (citing Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997)).

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). Upon removal to federal court, the court shall "have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). However, when federal claims are eliminated from the complaint, a court may properly refuse supplemental jurisdiction over related state claims. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); United Mine Workers v. Gibbs, 383 U.S. 715 (1966) (noting whether state law claims "should " be dismissed if federal claims are dismissed before trial does not mean they must be dismissed; while courts "shall have supplemental

jurisdiction under § 1367(a), they "may" decline to exercise it under § 1367(c)"). Once all federal claims have been dismissed from a case, whether to retain jurisdiction over any remaining state law claims is left to the discretion of the district court "upon a proper determination that retaining jurisdiction over the case would be inappropriate." Carnegie–Mellon, 484 U.S. at 357; Acri, 114 F.3d at 1000.

Under Gibbs and Carnegie-Mellon, a federal court should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over a case involving pendent state-law claims. Carnegie-Mellon Univ., 484 U.S. at 350 (quoting Gibbs, 383 U.S. at 726-27). A plaintiff's attempt to manipulate the forum may also be considered in determining remand. Id. at 357. Generally, if federal claims are dismissed prior to trial, state law claims should be remanded to state court "both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726; Carnegie-Mellon Univ., 484 U.S. at 350 n.7 (noting that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). In fact, "state law claims 'should' be dismissed if federal claims are dismissed before trial." Acri, 114 F.3d at 1000; Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim.").

As to Defendant Berry's first argument, contending that remand would be improper because jurisdiction is determined at the time of removal and any post-removal amendments do not defeat jurisdiction, Defendant Berry's argument is not applicable here. Defendant Berry argues this Court should not remand this matter because jurisdiction is determined at the time of removal, yet fails to address the governing authority of Gibbs or Carnegie-Mellon, the two seminal cases on this issue. Instead, Defendant Berry cites cases in which removal was based on diversity, United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087 (9th

Cir. 2010), and In re Burlington N. Santa Fe Ry. Co., 606 F.3d 379 (7th Cir. 2010), or exclusive federal jurisdiction in Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209 (9th Cir. 1998), abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374 (2016). See ECF NO. 41, pgs. 2-3. Jurisdiction in this case, however, was based on federal question.

Where a court has jurisdiction based on statute, that jurisdiction is not discretionary, it is mandatory—like diversity or exclusive jurisdiction. See Carnegie-Mellon, 484 U.S. at 356 & n.12 (distinguishing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 (1938), where the Court held remand impermissible because subsequent events to removal, which reduced the amount in controversy, did not oust the district court's diversity jurisdiction); see also Sparta Surgical Corp., 159 F.3d at 1211 (citing 15 U.S.C. § 78aa where district courts "shall have exclusive jurisdiction"). In contrast, when a removed case involves pendent state-law claims, a district court has "undoubted discretion to decline to hear the case." Carnegie-Mellon Univ., 484 U.S. at 356; Gibbs, 383 U.S. at 726 (emphasizing "pendent jurisdiction is a doctrine of discretion" not of right). Removal in those cases cited by Defendant Berry was not based on federal question or concerning supplemental jurisdiction, like here; thus, they are not instructive or persuasive. Therefore, remand would not be improper, because whether a court retains jurisdiction with pendent state-law claims is discretionary.

To the extent Defendant Berry implies Plaintiffs' actions of amending their complaint to exclude federal claims in order to remand were manipulative, such contention is not supported. See ECF No. 41, pg. 2. Plaintiffs assert that the filing of their first amended complaint was not "filed in response to an unfavorable ruling" and that the federal claims were "auxiliary causes of action" and not the foundation for their wrongful termination case. ECF No. 50, pgs. 6, 10. It appears the dismissed federal claims relate to a separate matter involving the Labor Commissioner and unused vacation pay, not to the allegations of wrongful termination based on purported violations of state law. See ECF No. 35, pg. 13. In any event, filing federal claims in state court is a "legitimate tactical decision." Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995) (finding nothing "reprehensible" about plaintiffs' "straight-forward tactical

6

1  decision"; plaintiffs' pleading practices of dropping federal claims after removal and solely to
2  obtain remand were not "manipulative"); Briarwood Cap., LLC v. KBR Grp., LLC, No. 09-CV-
3  02680 BEN AJB, 2010 WL 1525453, at *3 (S.D. Cal. Apr. 14, 2010) (noting "[t]his is also not a
4  case where plaintiffs initiated their action in this court and later decided to, instead, avail
5  themselves of state court jurisdiction by abandoning their only federal claim. Plaintiffs have
6  always sought, and continue to seek, state court jurisdiction"). Thus, Plaintiffs actions do not
7  appear to be contriving or manipulating, here.

8       As to Defendant Berry's second argument, that the Court has the power to retain
9  jurisdiction when the complaint is amended to eliminate the basis for removal, based on 28
10 U.S.C. § 1367(c), and in the interests of "economy, convenience, fairness, and comity," such
11 assertion is true; however, the undersigned does not recommend exercising that discretion in this
12 instance. According to Defendant Berry, "remand is not in [Plaintiffs'] best interests and would
13 be entirely unfair to them, without even reaching the issue of the lack of economic efficiency for
14 all involved, including the court system." ECF No. 41, pg. 2. He argues that Plaintiffs cannot
15 overcome his anti-SLAPP motion and remanding the case will only "increase the monetary
16 liability which Plaintiffs already face." Id. Defendant Berry also notes "the harsh reality as to
17 why Plaintiffs' best interest lies in the consideration of the conditions of economy and fairness"
18 because retaining jurisdiction, "minimizes the expense and delay caused by shuttling a case from
19 court to court." Id. He contends that Plaintiffs should have a vested interest in resolving the issues
20 against him, which "should supersede any interest they have in litigating in state court." Id.

21      Plaintiffs respond that it is the Defendants who have created an "issue of
22 economy" by "side-stepping" a response to their first amended complaint by the filing of motions
23 to dismiss and Defendant Berry's anti-SLAPP motion. ECF No. 51, pgs. 2-3. Plaintiffs also
24 assert that Defendants did not have unanimity before filing their removal[2] and that removal was

---

[2] The undersigned recommends declining to rule on Plaintiffs' contentions as to procedural defects in Defendants' removal. Plaintiffs failed to address the issue of unanimity in their operative motion to remand, ECF No. 38, and only argue them here on reply. See ECF No. 50; cf. ECF No. 38 with ECF No. 11.

7

improper based on Defendants' defensive argument. See id.[3]

In this instance, the interests of comity and justice are best served by declining to exercise supplemental jurisdiction. Only state-law claims regarding the purportedly wrongful termination of Plaintiffs' employment against MCFS and the individual defendants, remain before this Court. Consequently, the Parties' disputes are best resolved by the State court, since the role of the federal courts in addressing state law claims is to attempt to divine how the California Supreme Court would determine any particular issue. See Vernon v. City of Los Angeles, 27 F.3d 1385, 1391 (9th Cir. 1994); Curiel v. Barclays Capital Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (March 2, 2010) ("[The] primary responsibility for developing and applying state law rests with the state courts."). Furthermore, because Defendant Berry's anti-SLAPP motion is brought pursuant to California law, based on principles of comity, it should be heard by the State court. See Briarwood, 2010 WL 1525453, at *4 (remanding case and declining to decide anti-SLAPP motion as judicial comity and courtesy requires the state court to decide the issues). This is a task for which the State court is better suited and declining to exercise supplemental jurisdiction here is appropriately respectful of the dual sovereignty of the federal and state governments.

Moreover, because this matter has not proceeded past the initial pleading stage, judicial economy does not compel the exercise of supplemental jurisdiction over Plaintiffs' remaining state law claims. See e.g., Aguaristi v. Cty. of Merced, No. 1:18-cv-01053-DAD-EPG, 2022 WL 2392621, at *18 (E.D. Cal. July 1, 2022) (finding judicial economy did not compel the exercise of supplemental jurisdiction over plaintiff's remaining state law claims where the pending motion for summary judgment was "only the second motion filed in this case on which the court has ruled"); Zayas v. Navarro, No. 221CV00218WBSDBP, 2023 WL 2815590, at *6 (E.D. Cal. Apr. 6, 2023) (recommending court decline to exercise supplemental jurisdiction because only state law claims remained after dismissal of claims over which court had original

---

[3] Plaintiffs argument here is misguided. Defendants' removal was not based on the applicability of any defensive argument, but on the federal causes of action Plaintiffs alleged in their original complaint. See ECF No. 1, pg. 7.

8

jurisdiction); Cobb v. JPMorgan Chase Bank, N.A., No. C 12-01372 JSW, 2012 WL 5335309, at *9 (N.D. Cal. Oct. 26, 2012), aff'd sub nom. Cobb v. JPMorgan Chase Bank NA, 594 F. App'x 395 (9th Cir. 2015) (declining to exercise supplemental jurisdiction because it would be equally convenient for the parties to try the only remaining state law claims in state court and the court had expended few resources in supervising the case).  As a result, the undersigned recommends declining to exercise discretion to retain jurisdiction and remanding the state-law claims.

## IV.  CONCLUSION

Based on the above reasons, the undersigned recommends as follows:

1. Plaintiffs' motion to remand, ECF No. 38, be granted.

2. This action be remanded to the Butte County Superior Court.

3. All other pending motions, ECF Nos. 36 and 45, be denied without prejudice to renewal in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 30, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE