1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**
9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   SHAUNA ROSSINGTON, et al.,            No.  2:23-CV-0423-KJM-DMC
12                 Plaintiffs,
13         v.                              <u>ORDER</u>
14   MOUNTAIN CIRCLE FAMILY
     SERVICES, INC., et al.,
15
                   Defendants.
16
17

18            Plaintiffs, who are proceeding pro se, bring this civil action.  Upon consideration

19   of the points and authorities raised in the Objections to the Court's July 5, 2023, Findings and

20   Recommendations filed by Defendant Berry, ECF No. 61, the Court hereby: (1) vacates the prior

21   order issued on April 14, 2023, ECF No. 34; (2) vacates the July 5, 2023, Findings and

22   Recommendations, ECF No. 60; (3) approves Plaintiffs' notice of voluntary dismissal, ECF No.

23   31; and (4) will set a briefing schedule on Defendant Berry's request for an award of fees and

24   costs pursuant to California Code of Civil Procedure § 425.16.

25   / / /
26   / / /
27   / / /
28   / / /

1

**I. PROCEDURAL HISTORY**

2          This federal action was opened upon the filing of a notice of removal from the

3   Butte County Superior Court on March 7, 2023.  See ECF No. 1.  Thereafter, Defendants filed

4   motions to dismiss.  See ECF Nos. 6 and 8.  Defendant Berry also filed a motion to strike

5   pursuant to California's anti-SLAPP (strategic litigation against public participation) statute,

6   California Code of Civil Procedure § 425.16.  See ECF No. 8.  Plaintiffs also filed a motion to

7   remand the action to the state court.  See ECF No. 11.  On March 29, 2023, Plaintiffs filed a

8   motion for leave to amend.  See ECF No. 12.

9          Before these motions could be heard, Plaintiff filed a notice of voluntary dismissal

10   pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on April 10, 2023.  See ECF No. 31.

11   In their notice, Plaintiffs sought dismissal of the entire action without prejudice and with each

12   side bearing its own costs and fees.  See id.  On April 14, 2023, the Court issued an order

13   declining to accept Plaintiffs' notice of voluntary dismissal, denying Plaintiffs' motion for leave

14   to amend as unnecessary, directing the Clerk of the Court to file the proposed first amended

15   complaint as of March 29, 2023, and directing responses to the first amended complaint within 30

16   days.  See ECF No. 34.  With the filing of the first amended complaint, the prior motions

17   challenging the original complaint were rendered moot and terminated as pending motions on the

18   Court's docket.  Plaintiffs' first amended complaint was filed as of March 29, 2023.  See ECF No.

19   35.

20          In compliance with the Court's April 14, 2023, order, Defendants responded to the

21   first amended complaint by way of motions to dismiss and a motion to strike under § 425.16.  See

22   ECF Nos. 36 and 45.  Plaintiff also filed a motion to remand.  See ECF No. 38.  The parties

23   appeared before the undersigned on June 21, 2023, for a telephonic hearing, after which the

24   matters were submitted.  On July 5, 2023, the Court issued Findings and Recommendations that

25   Plaintiff's motion to remand be granted and that the remaining pending motions be denied as

26   moot.  See ECF No. 60.  Defendant Berry filed objections on July 19, 2023.  See ECF No. 61.

27   / / /

28   / / /

## II. DISCUSSION

There are two matters to be resolved.  First, the Court's April 14, 2023, order was issued in error to the extent the Court declined to accept Plaintiffs' notice of voluntary dismiss. Second, as Defendant Berry contends in his objections, the Court must resolve the issue of an award of expenses and costs under California's anti-SLAPP statute, § 425.16.

### A.   <u>Voluntary Dismissal</u>

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), an action may be voluntarily dismissed without court order at any time before an answer or motion for summary judgment has been filed.  <u>See</u> Fed. R. Civ. P. 41(a)(1)(A)(i).  In this case, Plaintiffs' notice of voluntary dismissal was filed <u>after</u> Defendants filed their first motions to dismiss and to strike. To date, no answers or motions for summary judgment has been filed.  The Court's April 14, 2023, order erroneously stated that the voluntary dismissal was not accepted because motions to dismiss had been filed.  <u>See</u> <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)").  The Court will, therefore, vacate that order as having been issued in error.  The Court will also vacate the July 5, 2023, Findings and Recommendations and direct that the pending motions to dismiss and strike be denied as moot upon voluntary dismissal of this action.  Plaintiffs' notice of voluntary dismissal will be accepted and the Clerk of the Court will be directed to close this case nunc pro tunc to April 10, 2023 – the date Plaintiffs' notice was initially filed.

### B.   <u>Expenses and Costs Under § 425.16</u>

Under California's anti-SLAPP statute, California Code of Civil Procedure § 425.16, a "prevailing defendant" shall be entitled to recover attorney's fees and costs.  <u>See</u> Cal. Code Civil Pro. § 425.16(c)(1); <u>see also</u> <u>Manufactured Home Communities, Inc. v. County of San Diego</u>, 2011 WL 3771277, *9 (9th Cir. 2011).  Such an award of fees and costs is mandatory under the statute.  <u>See</u> <u>Ketchum v. Moses</u>, 24 Cal. 4th 1122, 1131 (2001).  This rule applies to anti-SLAPP motions brought in federal court.  <u>See</u> <u>Shepard v. Miller</u>, 2011 WL 174603, *1 (E.D. Cal. 2011) (citing <u>Delaware, Inc. v. Covad Communications Co.</u>, 377 F.3d 1081, 1091 (9th Cir.

2004)).  A voluntary dismissal filed prior to an anti-SLAPP motion being heard does not preclude a later award of attorney's fees and costs under the statute.  See Garrison v. Baker, 208 F.3d 221 (9th Cir. 2000).  When, as here, the plaintiff voluntarily dismisses the complaint in the face of an anti-SLAPP motion, "the Court retains the authority to make a determination as to fees under section 425.16(c) even when the anti-SLAPP motion is itself moot."  Primacy Engineering, Inc. v. ITE, Inc., 2019 WL 13234505, *2 (S.D. Cal. 2019).

In this case, Defendant Berry has filed motions to strike under the anti-SLAPP statutes.  Given Plaintiffs' voluntary dismissal, discussed above, these motions are moot. Nonetheless, the Court retains jurisdiction to determine the amount of mandatory fees and costs due to Defendant Berry under § 425.16(c)(1).  In retaining jurisdiction, the Court finds that Defendant Berry is a "prevailing defendant" under the anti-SLAPP statute.  See Coltrain v. Shewalter, 66 Cal. App. 4th 94, 106 (1998); see also Gottesman v. Santana, 263 F. Supp. 3d 1034, 1043 (S.D. Cal. 2017) (applying Coltrain and concluding that a voluntary dismissal creates a presumption that the moving defendant is a prevailing party).

Because Defendant Berry is a prevailing party and entitled to an award of expenses and costs under California's anti-SLAPP statute, the Court will accept briefing on this issue. Upon completion of briefing, the matter will stand submitted without oral argument unless the Court later determines a hearing would be beneficial.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1.      The April 14, 2023, order, ECF No. 34, is VACATED as having been issued in error to the extent the Court declined to accept Plaintiffs' April 10, 2023, notice of voluntary dismissal.

2.      Plaintiffs' April 10, 2023, notice of voluntary dismissal, ECF No. 31, is ACCEPTED and this action is DISMISSED in its entirety with prejudice pursuant to Plaintiffs' notice nunc pro tunc to April 10, 2023.

/ / /

4

3.      The July 5, 2023, Findings and Recommendations, ECF No. 60, are VACATED.

4.      All pending motions, ECF Nos. 36, 38, and 45, are DENIED as moot and the Clerk of the Court is directed to terminate these as pending motions.

5.      The Clerk of the Court is directed to close this file.

6.      The Court retains jurisdiction to determine an award of expenses and costs due to Defendant Berry pursuant to California Code of Civil Procedure § 425.16(c)(1).

7.      Defendant Berry shall file a brief in support of an award of expenses and costs within 30 days of the date of this order.

8.      Plaintiffs may file an opposition within 30 days of the date of service of Defendant Berry's brief.

9.      Defendant Berry may file a reply within 14 days of the date of service of any opposition brief by Plaintiffs.

Dated:  September 7, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5